IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ERIC ROBERT FRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 24-1048-CFC-EGT |
| ) | |
| PHIL PARKER et al., ) | |
| ) | |
| Defendants. ) | |

## **REPORT AND RECOMMENDATION**

Plaintiff Eric Robert Fry, an inmate at Howard R. Young Correctional Institution, filed this action pursuant to 42 U.S.C. § 1983. (D.I. 3). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5). The Court proceeds to screen the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a). For the reasons set forth below, the Court recommends that the Complaint be DISMISSED WITHOUT PREJUDICE.

**I.     BACKGROUND**

Plaintiff's Complaint is short yet hard to follow. Plaintiff seems to allege that prison officials are interfering with his mail (D.I. 3 at 5), that his property was destroyed by his cellmate (*id.*) and that staff in the law library have in some unspecified way improperly accessed his inmate account (*id.* at 7). Plaintiff names Warden Phil Parker, Deputy Warden N. Hollingsworth, John Doe staff members and John Doe law librarians as defendants. (*Id.* at 3-4). But the only defendant discussed in the fact section of the Complaint is Deputy Warden N. Hollingsworth. (*Id.* at 5-7). Plaintiff alleges that he wrote to Deputy Warden Hollingsworth, but it is unclear what Plaintiff wrote or how the Deputy Warden responded (if at all). (*Id.* at 6). Plaintiff has also attached to his Complaint copies of various grievances, communications, and

court records involving him (*id.*, Ex. 1) without explaining how these submissions support his claims. Plaintiff's only request for relief is justice. (*Id.* at 8).

## II.     LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (civil actions filed by prisoners seeking redress from governmental entities or government officers and employees). The Court must accept all factual allegations in a complaint as true and view them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, however, the Court must

grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Ad. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" entitlement to relief. *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)). Determining whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### III. DISCUSSION

Even when liberally construed, Plaintiff's Complaint fails to state any cognizable claim. The closest that he comes is for a claim of unconstitutional mail interference. Although prisoners enjoy a First Amendment right to send and receive mail, *see Jones v. Brown*, 461 F.3d 353, 358 (3d Cir. 2006), Plaintiff has failed to adequately plead a violation of that right here. Plaintiff alleges in a single sentence that his mail "has been stopped from leaving and sent back," but that does not suffice to state a claim against any named defendant. (D.I. 3 at 5). Moreover, Plaintiff does not identify any prison official that participated in this purported interference.

3

Plaintiff also attempts to assert claims against John Does, who Plaintiff describes as staff members in the law library and at the prison generally. (D.I. 3 at 4). Plaintiff again fails to plausibly allege any wrongdoing by these unnamed individuals. (*See id.* at 5-7). Although Plaintiff does state that "mail staff" working in the law library accessed his inmate account in violation of law library regulations, he fails to allege any facts supporting this generic claim. (*Id.* at 7). And he fails to allege why the access was improper under federal law.

Finally, although named as defendants, Warden Parker is not discussed in the Complaint, and all that is alleged against Deputy Warden Hollingsworth is that Plaintiff wrote to him. (*See* D.I. 3 at 5-7). Without more, Plaintiff has not alleged sufficient personal involvement as to either of these Defendants to state any cognizable claim. *See, e.g.*, *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) (liability under § 1983 must be based on personal involvement, not *respondeat superior*); *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (personal involvement may be "shown through allegations of personal direction or of actual knowledge and acquiescence").

The Court is unable to conclude at this point that amendment would be futile. The Court thus recommends that the Complaint be dismissed without prejudice pursuant to §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). In any amended pleading, Plaintiff should clearly indicate claims he is pursuing against each defendant and set forth facts that plausibly support those claims.

### IV.  CONCLUSION

For the foregoing reasons, the Court recommends that the Complaint (D.I. 3) be DISMISSED WITHOUT PREJUDICE. The Court further recommends that Plaintiff be given thirty (30) days from the date this Report and Recommendation is adopted to file an amended pleading.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b)(1) and District of Delaware Local Rule 72.1. Any objections to the

Report and Recommendation shall be limited to ten (10) double-spaced pages and filed within fourteen (14) days after being served with a copy of this Report and Recommendation. *See* FED. R. CIV. P. 72(b)(2); *see also* FED. R. CIV. P. 6(d). Failure of a party to object to legal conclusions may result in the loss of the right to *de novo* review in the District Court. *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987).

Parties are directed to the court's "Standing Order for Objections Filed Under Fed. R. Civ. P. 72," dated March 7, 2022, a copy of which is available on the court's website, https://www.ded.uscourts.gov.

Dated: April 1, 2025

_____
UNITED STATES MAGISTRATE JUDGE